UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CENTRAL VALLEY AIR QUALITY COALITION, a fiscally sponsored project of Social and Environmental Entrepreneurs, Inc., COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, COMMITTEE FOR A BETTER SHAFTER, a nonprofit corporation, DELANO GUARDIANS, an unincorporated association, and SOCIAL AND ENVIRONMENTAL ENTREPRENEURS, INC., a nonprofit corporation,

Plaintiffs,

v.

SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,

Defendants.

No. 1:23-cv-00794-KES-EGC

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS**

Doc. 43

Defendants San Joaquin Valley Unified Air Pollution Control District and the Governing Board of the San Joaquin Valley Unified Air Pollution Control District (collectively, "defendants" or "Air District") move for certification of an interlocutory appeal and to stay

proceedings. Doc. 43. For the following reasons, the motion is DENIED.

## I. BACKGROUND

Under the Clean Air Act ("CAA"), the Environmental Protection Agency sets national ambient air quality standards for certain pollutants, and individual states prepare state implementation plans to attain and maintain these standards. Doc. 41 at 2. Plaintiffs Central Valley Air Quality Coalition, Committee for a Better Arvin, Committee for a Better Shafter, Delano Guardians, and Social and Environmental Entrepreneurs, Inc. (collectively, "plaintiffs" or "Central Valley") sued the Air District under the CAA's citizen suit provision, 42 U.S.C. § 7604(a)(1), based on the Air District's alleged violations of an implementation plan. Doc. 1 at ¶¶ 121–65. The Air District moved to dismiss solely on the ground that § 7604(a)(1) does not authorize suits against it in its capacity as a regulator. Doc. 8 at 15–25; Doc. 43 at 10.

This court denied the motion to dismiss. Doc. 41. As discussed in that order, the decisions in *Committee for a Better Arvin v. United States EPA*, 786 F.3d 1169 (9th Cir. 2015) ("*Arvin*"), and *Ass'n of Irritated Residents v. United States EPA*, 10 F.4th 937 (9th Cir. 2021) ("*AIR*"), necessarily determined that § 7604(a)(1) authorizes a citizen suit against a regulator. Doc. 41 at 6–9. This court found that this determination was a "necessary component[] of the decisions and not dicta." *Id.* at 9.

The Air District now asks the court, pursuant to 28 U.S.C. § 1292(b), to certify the following question for an interlocutory appeal to the Ninth Circuit: "Whether Section 304(a)(1) of the Clean Air Act, 42 U.S.C. § 7604(a)(1), authorizes a citizen suit against a state or local air pollution control agency, acting in its capacity as a regulator, based on the agency's alleged failure to implement or comply with provisions of an approved State Implementation Plan." Doc. 43 at 8. It seeks an amendment of this court's dismissal order to include the certification. *Id.* The Air District also seeks to stay proceedings pending disposition of its petition to the Ninth Circuit and, if the petition is granted, pending the ensuing appeal. *Id.*

Central Valley filed a response opposing the certification of an interlocutory appeal and the request for a stay, but noting that it does not oppose a stay if the court certifies an interlocutory appeal. Doc. 44. at 15. The Air District filed a reply in support of its motion to

certify an interlocutory appeal. Doc. 46.

## II. LEGAL STANDARD

### A. Motion to Certify Interlocutory Appeal

Generally, "appellate courts only have jurisdiction over 'final decisions of the district court.'" *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008) (quoting 28 U.S.C. § 1291). Interlocutory appeals though are authorized when a district court certifies that it is "of the opinion" that (i) an "order involves a controlling question of law," (ii) the question is one "as to which there is substantial ground for difference of opinion," and (iii) an "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

But "even when all three statutory criteria are satisfied," a district court has "discretion to deny certification." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (cleaned up); *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019) ("The decision to certify an issue for interlocutory appeal is discretionary."); *Swint v. Chambers Cnty. Comn'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals.").

Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). The party seeking appeal "'has the burden of persuading'" the court "'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

### B. Motion to Stay

"Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to

'promote economy of time and effort for itself, for counsel, and for litigants.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).

## III. DISCUSSION

### A. Interlocutory Appeal

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting § 1292(b)). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal citations omitted). "[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (internal citation omitted).

Here, this court found that, under *Arvin* and *AIR*, there is controlling precedent that answers the question on which the Air District seeks certification. Doc. 41 at 6–13. The Air District's motion therefore would require the court to find that there is nonetheless substantial ground for difference of opinion when there is controlling precedent that resolves the question that the moving party seeks to certify for interlocutory appeal. This court's view is that there is not substantial ground for difference of opinion in these circumstances. To allow an interlocutory appeal when there is controlling precedent would invite time consuming and expensive litigation, which § 1292(b) seeks to avoid. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026. An interlocutory appeal in such circumstances would needlessly delay litigation and create undue expenses. And the Air District has not cited a case showing that an interlocutory appeal may be certified when there is controlling precedent that answers the question on which a movant seeks certification. *See* Doc. 43 at 12–27; Doc. 46 at 6–18.

The Air District argues that *City & County of San Francisco v. United States Department of Transportation*, 796 F.3d 993 (9th Cir. 2015), establishes "tension, if not an outright

split . . . *within* the Ninth Circuit." Doc. 43 at 8. It argues that *San Francisco* "concluded that citizen suit language in the Pipeline Safety Act—language that was modeled after and essentially identical to Section 304(a)(1) [of the CAA]—did *not* allow a citizen to challenge regulatory action." *Id.* at 9. But *AIR* was decided six years *after* the *San Francisco* decision and does not note any such tension. Nor does *San Francisco* establish an intra-circuit split, as these cases are not clearly irreconcilable. *See Ernest Block, LLC v. Steelman*, 76 F.4th 827, 840 n.17 (9th Cir. 2023) (assessing whether there are "contradictory precedents" by considering whether cases are "irreconcilable" (internal citations omitted)); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (same). Unlike *AIR* and *Arvin*, which both considered the ability to sue regulators under the CAA, *San Francisco* did not directly address whether § 7604(a)(1) of the CAA allows citizen suits. *See San Francisco*, 796 F.3d at 998–1001.

The Air District also argues that reasonable judges could disagree as to whether the Ninth Circuit's statements in *Arvin* and *AIR* were holdings rather than assumptions, and whether these statements were necessary to the results in those cases. Doc. 43 at 17, 21. But consideration of whether an appellate decision is binding or merely states dictum on a particular point is something lower courts routinely must assess. And, if the district court gets it wrong, that may be remedied on a direct appeal from a final judgment. Here, this court found that *AIR*'s and *Arvin*'s findings on the § 7604(a)(1) issue have precedential effect. Doc. 41 at 6–12. Allowing an interlocutory appeal based on a party's argument that the district court erred in interpreting findings in a court of appeals' decision as binding, rather than dictum, would invite interlocutory appeals on determinations that are more properly addressed on direct appeal following a final judgment. The Air District essentially argues that the line between a holding and dicta is "generally" uncertain and not easy to draw, which it argues supports certifying an interlocutory appeal. *See* Doc. 43 at 21 ("[T]he law of precedent generally is uncertain. The line between holding and dicta is not easy to draw." (internal citation omitted)). But this expansive argument for an interlocutory appeal would apply in numerous cases and would undermine § 1292(b)'s purpose as a narrow exception to the final judgment rule.

Nor has the Air District met its burden to show that there are exceptional circumstances

here warranting interlocutory review. Though the Air District cites some potential discovery costs, Doc. 43 at 28, it does not show that these are especially burdensome. As Central Valley points out, the court can address burdensome discovery requests during litigation through its normal tools for managing discovery. *See* Doc. 44 at 15; *see also* Fed. R. Civ. P. 26. The Air District has not shown that this case presents an exceptional circumstance justifying departure from the statutory presumption of deferring appellate review until after final judgment.

**B. <u>Stay</u>**

The Air District's request for a stay is premised on certification of the interlocutory appeal. Doc. 43 at 28–30. As such certification is not warranted here, there is no basis to stay the proceedings. A stay would also prejudice Central Valley as it would delay the resolution of this case. The motion to stay is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, the Air District's motion to certify an interlocutory appeal and stay proceedings is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2026

UNITED STATES DISTRICT JUDGE